IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PARTNERCO HOLDINGS, LLC**, <br><br> Plaintiff, <br> v. <br><br> **NUTONIC CORPORATION**, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND DISMISSAL OF COUNTERCLAIMS** <br><br> Case No. 2:21-CV-00580-JNP-DBP <br><br> District Judge Jill N. Parrish <br> Magistrate Judge Dustin B. Pead |

On June 21, 2023, the court granted Defendant Nutonic Corporation's Motion to Withdraw as Counsel, ordering Defendant to obtain new counsel within twenty-one days. ECF No. 48. The court warned Nutonic that failure to obtain new counsel could result in sanctions including but not limited to dismissal. *Id.* Nutonic has failed to comply with the court's order. As a result, Plaintiff filed the present motion seeking dismissal of Nutonic's counterclaims and entry of a default judgment against Nutonic, arguing the foregoing relief constitutes an appropriate sanction for Nutonic's failure to comply with court orders. ECF No. 50. The court GRANTS Plaintiff's motion.

**BACKGROUND**

On October 1, 2021, Ariix, LLC ("Ariix") filed suit against Nutonic. ECF No. 2. Ariix's complaint alleges that despite its possession of well-established rights in its "SLENDERIIZ" trademark, which it uses to market and sell supplement products, Nutonic marketed and sold its own supplements under a confusingly similar brand, "Slenderize." *Id.* at 1. Based on these facts, Ariix alleges that Nutonic is liable for trademark infringement, unfair competition, and false advertising. Nutonic filed an Answer that responded to Ariix's factual allegations and raised counterclaims against Ariix for which Nutonic requests declaratory relief. ECF No. 11.

In June of 2023, Nutonic's prior counsel filed a motion to withdraw as counsel. ECF No. 47. The court granted the motion, ordering Nutonic to appear through new counsel within twenty-one days and warning that failure to obtain new counsel could result in sanctions including but not limited to dismissal.[1] ECF No. 48. Nutonic failed to comply with the court's order and is still without counsel eight months later. As a result, Ariix filed the present motion, seeking dismissal of Nutonic's counterclaims, entry of a default judgment against Nutonic, and a permanent injunction preventing Nutonic from using Ariix's "SLENDERIIZ" mark or any confusingly similar variation. ECF No. 50. Plaintiff then filed a motion to substitute PartnerCo Holdings, LLC ("PartnerCo") as Plaintiff. *See* ECF No. 51. The court granted Plaintiff's motion. *See* ECF No. 54. The court GRANTS Plaintiff's motion for default judgment in favor of Plaintiff PartnerCo and dismissal of Nutonic's counterclaims.[2]

**ANALYSIS**

    **I.    SANCTIONS**

        **A.  LEGAL STANDARD**

After the court enters an order granting a motion to withdraw, "[a]n unrepresented party who fails to appear within 21 days after entry of the order . . . may be sanctioned under [] Fed. R. Civ. P. 16(f)(1)(C)[.]" DUCivR 83-1.4(d).[3] Appropriate sanctions are defined in Federal Rule of Civil Procedure 37(b) to include "rendering a default judgment against the disobedient party[,]" Fed. R. Civ. P. 37(b)(2)(A)(vi), "striking pleadings in whole or in part[,]" Fed. R. Civ. P. 37(b)(2)(A)(iii), or "dismissing the action or proceeding in whole or in part[,]" Fed. R. Civ. P.

---

[1] Nutonic is a corporate entity prohibited from engaging in self-representation in this court. *See* DUCivR 83-1.3(c)(2) ("A corporation . . . must be represented by an attorney who is admitted under DUCivR 83-1.1.").

[2] Magistrate Judge Pead granted Ariix's motion to substitute Plaintiff PartnerCo Holdings LLC on August 3, 2023. *See* ECF No. 54.

[3] Federal Rule of Civil Procedure 16(f)(1)(C) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

37(b)(2)(A)(v).

Several factors guide the district court in determining which sanction to impose for a party's failure to comply with court orders. These factors include (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions." *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted) (listing factors for choosing dismissal as a sanction); *see also Pro Star Logistics, Inc. v. AN Enter.*, No. 2:17-cv-00491, 2018 U.S. Dist. LEXIS 62283, at *2 (D. Utah Apr. 11, 2018) (unpublished) (applying the *Ehrenhaus* factors in considering default judgment as a sanction).

### B.  ANALYSIS

After weighing the *Ehrenhaus* factors, the court determines that Plaintiff is entitled to both an order striking Nutonic's Answer and the entry of a default judgment as sanctions for Nutonic's continuing failure to comply with the court's order that it obtain new counsel. First, Ariix is highly prejudiced by Nutonic's failure because it has rendered Ariix unable to redress its alleged injuries. Second, Nutonic's failure to comply with the court's order to appear has interfered with the judicial process because the case cannot proceed when one party refuses to appear to litigate its defenses and counterclaims. Third, Nutonic is highly culpable. Nearly six months have passed since the court's deadline for obtaining counsel, and despite this ample time, Nutonic has failed to do so. Fourth, the court warned Nutonic that failure to comply with the June 21 order could result in sanctions "including *but not limited* to dismissal." ECF No. 48, at 2 (emphasis added). The court's order did not state that default judgment was a potential consequence of noncompliance, but that order invoked Rule 16(f)(1), which in turn incorporates Rule 37(b)(2)(A)(vi)'s permissive standard

for granting default judgment as a sanction. Finally, the court finds that any lesser sanction would be ineffective due to Nutonic's failure to defend itself or prosecute its counterclaims for nearly six months. The court thus finds that the *Ehrenhaus* factors weigh in favor of striking Nutonic's Answer and entering default judgment against Nutonic.

## II.  DEFAULT JUDGMENT

Having determined that Nutonic's noncompliance with the court's order to obtain new counsel warrants an entry of default judgment pursuant to Rule 37, the court now follows "the procedure for entry of a default judgment as set forth in Rule 55."[4] *See, e.g., Stampin' Up!, Inc. v. Hurst*, No. 2:16-CV-00886-CW, 2018 U.S. Dist. LEXIS 74355, at *8 (D. Utah May 1, 2018) (quoting *Coach, Inc. v. O'Brien*, 2012 U.S. Dist. LEXIS 52565, 2012 WL 1255276, at *10 (S.D.N.Y. Apr. 13, 2012)). "Decisions to enter judgment by default are committed to the district court's sound discretion . . . ." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

To enter default judgment, "there must be a sufficient basis in the pleadings" to "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)). Because the court determined that an order striking Nutonic's Answer is one appropriate sanction for its failure to comply with the court's order to obtain new counsel, Nutonic is deemed by its default to have admitted Plaintiff's well-pled factual allegations. *See Stampin' Up!, Inc.*, 2018 U.S. Dist. LEXIS 74355, at *8; *Lopez v. Highmark Constr., LLP*, No. 17-CV-01068-CMA-MLC, 2018 U.S. Dist.

---

[4] Plaintiff has not requested the entry of a default certificate under Federal Rule of Civil Procedure 55(a). However, "[a] court may enter default judgment as a sanction without the clerk entering a certificate of default." DUCivR 55-1(c)(2)(C).

4

LEXIS 53177, at *2 (D. Colo. Mar. 29, 2018) (citations omitted); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). The court therefore proceeds to determine whether Plaintiff's well-pled factual allegations suffice to support the entry of default judgment. In doing so, the court must consider both its subject matter and personal jurisdiction as well as the merits of Plaintiff's claim. *See id.*; *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

### A. SUBJECT MATTER JURISDICTION

The court has original subject-matter jurisdiction over Ariix's claims alleging infringement of registered trademarks under 15 U.S.C. § 1114 and unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1125(a), because those claims arise under federal law. *See* 28 U.S.C. § 1331. The court has supplemental jurisdiction over Ariix's third and fourth causes of action, alleging a violation of the Utah Deceptive Trade Practices Law, Utah Code Ann. § 13-11A-3, and common law unfair competition. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same controversy . . . .").

### B. PERSONAL JURISDICTION

The court has personal jurisdiction over Nutonic because it is deemed to have admitted the Complaint's factual allegation that "Defendant has had a place of business and/or are, and have been, conducting continuous and systematic business by promoting and selling goods and services within the State of Utah and within the Central District of Utah." ECF No. 2, ¶ 11. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) ("Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the

forum[.] . . . Thus '[the] forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State' and those products subsequently injure forum consumers.") (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98) (1980)).

### C.  TRADEMARK INFRINGEMENT

Having satisfied itself that the Complaint adequately alleges facts to support the court's exercise of its jurisdiction over this matter and Nutonic, the court now addresses whether there exists a "sufficient basis in the pleadings" to "constitute a legitimate cause of action" on each of Plaintiff's claims. To state a claim for trademark infringement, Ariix was required to plead "(1) that the plaintiff has a protectable interest in the mark; (2) that the defendant has used 'an identical or similar mark' in commerce and (3) that the defendant's use is likely to confuse consumers." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013) (citation omitted). The Tenth Circuit has identified six factors to consider when determining the likelihood of confusion: (1) "the level of care likely to be exercised by purchasers," (2) "the strength or weakness of the senior mark," (3) "the degree of similarity between the marks," (4) "the intent of the alleged infringer in adopting its mark," (5) "the similarity of products and manner of marketing," and (6) "the evidence of actual confusion." *Elevate Fed. Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1072 (10th Cir. 2023) (quoting *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 972 (10th Cir. 2002)). Among these factors, "[s]imilarity of the marks is ordinarily considered the most important factor." *Id.* (citing *Hornady Mfg. Co. v. Doubletap, Inc.*, 746 F.3d 995, 1001 (10th Cir. 2014)).

Ariix has produced evidence that it has a protectable interest in its mark. *See* ECF No. 2-1. Nutonic is also deemed to have admitted Ariix's allegation that Nutonic markets and sells its "products and services under the Slenderize brand[,]" which is very similar to Ariix's trademarked "SLENDERIIZ" brand. ECF No. 2, ¶¶ 28–29. Nutonic therefore can be said to use an "identical or similar mark," and the "similarity of the marks" weighs strongly in favor of finding a likelihood of confusion. The other likelihood of confusion factors weigh in favor of the same result. Specifically, Ariix alleged that Nutonic "markets and sells its products and services under the Slenderize brand . . . in the same trade channels through which Ariix offers Ariix Products under the SLENDERIIZ trademark[,]" and does so with "actual and constructive knowledge of SLENDERIIZ trademark, with intent to capitalize on the reputation and goodwill of Ariix and its SLENDERIIZ trademark" and "confuse . . . customers[.]" *Id.* Despite Ariix's failure to allege any actual consumer confusion, Ariix stated a claim for trademark infringement sufficient to support a default judgment.

### III.   UNFAIR COMPETITION AND DECEPTIVE PRACTICES CLAIMS

Ariix's Lanham Act unfair competition claim requires it to plead four elements: "(1) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff." *Digital Ally, Inc. v. Util. Assocs.*, 882 F.3d 974, 978 (10th Cir. 2018) (quoting *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1140 (10th Cir. 2006)). The Tenth Circuit has recognized that a Lanham Act unfair competition claim has "virtually identical elements" to a trademark infringement claim, such that the two are "properly addressed together[.]" *Utah*

7

*Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (citing *Heaton Distrib. Co. v. Union Tank Car Co.*, 387 F.2d 477 (8th Cir. 1967) (referring to the facts necessary to support a trademark infringement claim and an unfair competition claim "substantially identical")). Because the court finds that Ariix alleged sufficient facts to support its request for entry of default judgment against Nutonic on its trademark infringement claim, the court reaches the same conclusion with regard to Ariix's Lanham Act unfair competition claim.

The same factual allegations that state a claim for trademark infringement also demonstrate the sufficiency of Ariix's claims alleging common law unfair competition and violation of the Utah Deceptive Trade Practices Law. A plaintiff adequately states either claim by alleging that a business in competition with the plaintiff has engaged in practices likely to cause customer confusion. *See* Utah Code Ann. § 13-11A-3(1)(b) ("Deceptive trade practices occur when, in the course of a person's business, vocation, or occupation, that person: . . . (b) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services[.]"); *Siskin Enters. v. DFTAR, LLC*; No. 2:20-CV-00304-JNP, 2021 U.S. Dist. LEXIS 36536, at *8 (D. Utah Feb. 25, 2021) (quoting *Overstock.com, Inc. v. SmartBargains, Inc.*, 2008 UT 55, 192 P.3d 858, 859–60 (Utah 2008) ("Under Utah common law, 'unfair competition includes—but is not limited to—passing off, palming off, imitating, and causing or likely causing confusion or deception.")). Because Ariix alleged facts showing a likelihood of confusion, it stated each of these claims sufficiently to support entry of a default judgment.

### IV. PERMANENT INJUNCTION

In lieu of the damages that it could seek upon obtaining a default judgment, Ariix requests a permanent injunction, "enjoining Defendant, and each of its officers, agents, servants, employees, and attorneys, and all other persons, firms or corporations acting in concert or

participation with them who receive actual notice of this Order by personal service or otherwise, from using, in any manner, or holding Defendant out as having rights to use the SLENDERIZE mark or any confusingly similar variation[.]" *Id.* at 11. Under the Lanham Act, the court has "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant" of a trademark. *See* 15 U.S.C. § 1116(a). The court previously determined that Ariix's Complaint adequately alleged facts to state a claim for trademark infringement. The court now must determine whether Ariix is entitled to the permanent injunction that it seeks.

"The court should grant injunctive relief if a plaintiff shows that (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, the balance favors the plaintiff and an equitable remedy is warranted; and (4) the public interest would not be disserved by a permanent injunction." *K-TEC v. Vita-Mix*, 765 F.Supp. 2d 1304, 1317 (D. Utah 2011) (citing *eBay Inc. v. MercExchange LLC*, 547 U.S. 388, 391 (2006)). The court finds that each of these elements have been met.

First, "once a plaintiff has demonstrated a likelihood of confusion, irreparable injury is presumed." *See, e.g., Icon Health & Fitness, Inc. v. Medical Prods.*, No. 1:10-CV-00207-DN, 2012 U.S. Dist. LEXIS 130001, at *13 (D. Utah Sept. 11, 2012) (citing M*arker Intern. v. deBruler*, 635 F. Supp. 986, 998 (D. Utah 1986); *Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 151 (D.D.C. 2011)). Second, as Plaintiff argues in its motion, permitting a third party to continue using the Plaintiff's trademark without permission threatens harm to Plaintiff's good will that cannot be adequately compensated through monetary damages alone. *See* ECF No. 50, at 9 (citing *Limitless Worldwide, LLC, AdvoCare Int'l, LP*, 926 F. Supp. 2d 1248, 1254 (D. Utah

2013)). Finally, the court finds that the balance of interests favor an equitable remedy and that the public interest would not be disserved by a permanent injunction. *See Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1164 (10th Cir. 2013) (discerning no abuse of discretion in district court's decision that a plaintiff's injury outweighed a defendant's interest in "continuing to violate . . . trademarks" and entry of a permanent injunction on the basis that such a remedy was "appropriate and necessary to prevent future violations of the law"). The court therefore concludes that the Plaintiff is entitled to the permanent injunction that it requests in its motion, ECF No. 50.

**ORDER**

For the reasons stated herein, the court ORDERS as follows:

1. The Court **STRIKES** Defendant's Answer (ECF No. 11).

2. Plaintiff's Motion for Default Judgment and to Dismiss Counterclaim (ECF No. 50) is **GRANTED**.

3. The Court grants Plaintiff's motion for a permanent injunction, pursuant to which Defendant, and each of its officers, agents, servants, employees, and attorneys, and all other persons, firms or corporations acting in concert or participation with them who receive actual notice of this Order by personal service or otherwise, are enjoined from using, in any manner, or holding Defendant out as having rights to use the SLENDERIZE mark or any confusingly similar variation.

Signed March 26, 2024

BY THE COURT

*Jill N. Parrish*
_____
Jill N. Parrish
United States District Court Judge